CASE 120—EQUITY—FEBRUARY 1, 1883.

# Roberts, &c., v. Jenkins, &c.

### APPEAL FROM KENTON CIRCUIT COURT.

1. By the supersedeas bond issued in the case of *Jenkins and others[v. The Boone County Court,* the said court and all others were commanded to stay proceedings on the judgment of the circuit court and *no other,* and therefore appellee Jenkins is only liable in this action for such damages as may have resulted from the stay of proceedings upon the judgment appealed from.

2. The collection of the amount for which appellee Jenkins was held liable to reimburse appellants being enforceable under the order of July, 1872, of the *county court* of Boone county, and not under the judgment of the *circuit* court, the stay of proceedings emanating from the circuit court did not prevent the action of the county court.

3. After the supersedeas issued, the county court had plenary power not only to determine who were liable, but also to make the levy and collection independent of the judgment of the circuit court.

JAMES O'HARA, JR., FOR APPELLANT.

1. Appellee Jenkins, desiring to test the validity of the judgment of the circuit court, executed his covenant with his surety that he would satisfy and perform its judgment in case of an affirmance. The judgment has been affirmed, but no satisfaction made. The supersedeas unquestionably prevented the Boone county court from enforcing the collection of appellee's *pro rata* from him, and now the demand is entirely lost.

2. What else can be a satisfaction of the judgment but the payment of the money?

3. A supersedeas takes effect from the time that notice is given the officer or party to be restrained. (4 Dana, 559.)

McKEE & FINNELL AND W. LINDSAY FOR APPELLEES.

1. The bond sued upon was executed to supersede the judgment of the Boone circuit court. That court had rendered no judgment against appellee Jenkins for the payment of money.

2. The appeal and supersedeas did not protect him against the payment of the assessment by the Boone county court. This assessment might as well have been enforced after as before the supersedeas issued, and therefore the failure of the court to act creates no cause of action on the bond. (1 Bush, 601; Taylor v. Tibbatts, 13 B. Mon., 180; Cloud v. Coleman, 1 Bush, 548; *Ib.*, 601; Boone County Court v. Snyder, MS. Op., 28th June, 1878.)

Roberts, &c., v. Jenkins, &c.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

This is an action upon a supersedeas bond executed by appellees Jenkins and Norris, his surety, pending an appeal by Jenkins and others v. The Boone County Court, &c., from a judgment rendered by the Boone circuit court in April, 1872.

It appears that in 1864 appellants borrowed a large sum of money, which was used in payment of bounties to soldiers enlisted in the United States army to supply the places of men drafted under a call of the President in July, 1864, to fill the quota of Boone county.

By acts of the General Assembly passed in 1865, the Boone county court was empowered to issue county bonds, and to levy a tax upon the property of the county to repay to appellants the amount so advanced and used; but before the bonds were issued, and the tax levied, P. B. Cloud and others filed their petition in the Boone circuit court against Coleman, judge of the county court, and others, including appellants, and obtained a writ of prohibition enjoining and prohibiting the sale of the bonds and collection of the tax.

This court, in the case of Cloud, &c., v. Coleman, &c., 1 Bush, 548, held that the acts referred to were void as to all tax-payers of the county, who neither aided in procuring their passage, acquiesced in, approved, nor received benefits from them; but as to others, the acts were self-imposed, and they had no right to repudiate them, or resist their enforcement.

Upon the return of the case to the circuit court, commissioners were appointed to hear proof, and report to the court the names of those belonging to any of the classes held liable by this court; and at the April term, 1872, of the circuit court, judgment was rendered in which it was

decided that the only mode for the collection of the neces-
sary money was by a tax to be enforced by the county
court, and that the persons whose names were upon the
schedules appended to the judgment, appellee Jenkins being
one of them, were within some one of the classes held liable
to taxation for that purpose, according to the opinion of
this court in the case of Cloud v. Coleman.

In July, 1872, the Boone county court convened for the
purpose, as stated in the order then made, of levying a tax
upon the persons bound to pay the same as directed in the
judgment of the circuit court rendered in April; and it was
then ordered that, for the purpose of discharging the amount
so adjudged by the circuit court to be raised, the assessments
be made against the persons and for the amounts directed by
that judgment.   At the same term, as required by the acts
of 1865 a collector and treasurer were elected by the county
court.

After that order was made the appeal from the judgment
rendered by the circuit court in April, 1872, before referred
to, was brought to this court, and in December, 1875, the
judgment was affirmed.

It is alleged in the petition in this case that in pursuance
of the judgment of April, 1872, the Boone county court
did levy upon the property of appellee Jenkins to pay his
*pro rata* portion of the amount to be so collected, such
portion being $4,690.75, no part of which he has ever paid.

That he and Norris, his surety, pending said appeal, ex-
ecuted before the clerk of the court of appeals said super-
sedeas bond, and thereupon the clerk issued an order of super-
sedeas commanding the appellees therein and all others to
stay proceedings on said judgment, which order was served
on the county court and on the collector appointed to

collect the tax from Jenkins, and the collection thereof was thereby stayed.

The appellants, in their petition, say that by reason of the breach of the covenants of the appeal bond they have been damaged in said sum of $4,690.75 and interest, and pray judgment therefor.

There can be no question but that the effect of the order of supersedeas served upon the county court and collector has been to not only stay, pending the appeal, the collection of the sum appellee Jenkins was held liable for, but has defeated its collection altogether. For, as held by this court in the case of Boone county v. Snyder, decided in 1878, MS. Opinion, the acts of 1865 had in December, 1875, when the judgment of April, 1872, was affirmed by this court, already expired by their own limitation, and of course the special power conferred by them upon the county court to levy and collect the tax had then also ceased.

But whether the *legal* effect of the order of supersedeas was to stay the collection under the order of the county court is a different question, and one upon which mainly depends the decision in this case.

A supersedeas, in the language of the Civil Code, "is a written order signed by the clerk commanding the appellee and all others to stay proceedings on the judgment or order," meaning of course the judgment or order appealed from.

By the supersedeas issued in the case of Jenkins and others v. The Boone county court, &c., the appellee and all others were commanded to stay proceedings on the judgment of the circuit court and no other; and as Jenkins covenanted in the appeal bond to satisfy and perform that judgment in case it was affirmed, and to pay to appellees

all costs and damages that might be adjudged against him on that appeal, he is only liable in this action for such damages as may have resulted from the stay of proceedings on the judgment appealed from.

The judgment of the circuit court was not for money or property, nor did it require appellee to do any act the payment, surrender, or performance of which could have been enforced by virtue of the judgment, or by any process legally issued in pursuance of it. Nor did this court, upon the appeal, render, or order to be rendered, by the circuit court, a judgment for money or property, or the performance of any act by the appellants in that case.

The appellants in this case could not have enforced, under that judgment, the collection of the amount now claimed, or any part of it. It therefore follows that the affirmance of the judgment of April, 1872, did not *necessarily* give to the appellees in that case, or to the intended beneficiaries under the acts of 1865, any right of action against the obligors in the appeal bond for anything more than nominal damages and the costs of the appeal—not here sued for. The collection of the amount for which Jenkins was held liable being enforceable under the order of the county court of July, 1872, and not under the circuit court judgment, it is obvious that the stay of proceedings on the latter judgment did not prevent its collection, or give to the appellees a right of action on the appeal bond unless the stay of proceedings on the judgment necessarily involved the suspension of the order of the county court.

Notwithstanding the persons held liable, as well as the *pro rata* portion of each, were ascertained and determined by the judgment of the circuit court, still, in respect thereto, the judgment was, as is stated in it, merely directory,

and neither final or mandatory.    And, in our opinion, the county court had plenary power and jurisdiction, as the case then stood, to not merely determine the persons who were liable, and the amounts they were liable for according to the decision of this court, but also to make the levy and collection independent of the judgment of the circuit court.

The county court was, in the first instance, empowered by the acts of 1865 to do or order done all that was required by them, and the circuit court obtained jurisdiction alone by virtue of the writ of prohibition, which involved the validity of the acts themselves.    But the decision in the case of Cloud v. Coleman operated to remit to the county court jurisdiction, exclusive of the circuit court, to enforce the provisions of the acts to the extent and against the classes of persons this court held in that case they. could be enforced.    For the writ of prohibition had spent its force, and the circuit court was, after the decision of this court, without the power to render a judgment in respect to the levy and collection of the tax.

It follows, therefore, that the stay of proceedings on the judgment of the circuit court, rendered in April, 1872, did not have the legal effect to suspend the order of the county court and prevent the collection of the amount appellee Jenkins was liable for.

This conclusion is in accordance with the opinion of the court in the case of Boone County v. Snyder, *supra*, though this question did not directly arise in that case.    There it was distinctly held that the appeal of Jenkins did not supersede or suspend the levy, and presented no obstruction to the collection of the tax under the order of the county court made July, 1872.

The judgment of the court below sustaining the general demurrer to the petition must be affirmed.