JOHN F. FISK *v.* H. T. SNYDER ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—716.]

**Power Under Special Acts.**

When an act of the general assembly conferring a special power on a county has expired by limitation, the special power conferred also ceases.

APPEAL FROM BOONE CIRCUIT COURT.

February 1, 1883.

OPINION BY JUDGE LEWIS:

This is an action by appellant upon the following written contract executed by appellees: "Know all men by these presents that we have this day employed John F. Fisk to endeavor to enforce the law generally known as the Boone County Bounty Case, which is being contested in the Boone Circuit Court by Pryor· B. Cloud and others v. R. F. Coleman and others, members of the Boone County Court. This employment is to extend to the Court of Appeals if the case goes there. It is a writ of prohibition. For which services of said Fisk we hereby agree and bind ourselves to pay him the sum of $200 in September next, and if the law is enforced by final judgment then we agree to pay him an additional sum of $800. July 21, 1865."

The only question before us is as to the contingent fee of $800 mentioned in the contract. In 1864 appellees borrowed a large sum of money and used it to relieve persons of Boone county drafted for service in the United States army under a call made by the president in July of that year. In 1865 an act of the general assembly was passed empowering the Boone County Court to issue and sell the bonds of Boone county and to levy and collect on the property the county taxes in each of the years 1865 to 1872 inclusive, to repay to the appellee the money so borrowed and used by them. 1 Acts 1865, Ch. 610. This action was brought by Cloud and others against the judge of the county and justices of the peace, and a writ of prohibition was issued prohibiting and enjoining the county court from issuing the bonds and levying and collecting the tax authorized by those acts.

By that action, the one in which appellant was employed as an attorney by appellees, was involved the constitutionality of the acts and the authority under them of the county court to issue the county bonds and cause the tax to be collected. Under the contract sued on, according to any reasonable construction that can be given it, the payment of the $800 was made contingent upon the rendition of all final judgments and orders, not merely determining the acts valid but sufficient for the complete enforcement of the rights of appellees under them.

By the opinion rendered in May, 1866, by this court in the case of *Cloud v. Coleman,* 1 Bush (Ky.) 548, the acts in question were held to be invalid as to a majority of the taxpayers of Boone county, and consequently the repayment to the appellees of the large sum they were attempting to recover by the sale of county bonds became utterly impracticable, even if the county court had possessed the power to issue them. Appellees were thus forced to depend alone upon a levy and collection of a direct tax from the comparatively few of the taxpayers of the county held liable, themselves constituting a considerable proportion of the whole number liable. It was not until the July term, 1872, of the county court, that any final judgment or order was made by which the acts could be even partially enforced. At that time an order was made for the levy and collection of a tax sufficient to pay the amount due to appellees, but, although by the practical enforcement of that order some of the appellees would have been required to pay a larger amount of taxes than their pro rata portion of what was due

them, and none of them would have been fully paid, the order was never enforced.

After it was made an appeal was taken by J. C. Jenkins and others from the judgment of the Boone Circuit Court rendered in April, 1872, and a *supersedeas* was issued and served on the Boone County Court and the collector of the tax, which had the effect of staying proceedings under the order of the county court of July, 1872, until December, 1875, at which time, as held by this court, the acts of 1865 had expired by limitation, and of course the special power conferred by them upon the county court also ceased.

It has also been held by this court in the case of *Roberts v. Jenkins,* decided at the present term (80 Ky. 666, 4 Ky. L. 648), that the *supersedeas* served upon the county court and the collector did not have the legal effect to suspend the order of the county court of July, 1872; but in fact it did thus operate, and these appellees were thereby deprived of the benefit of the only final judgment or order by which the acts could have been enforced even partially, and did not arise from any negligence or fault of theirs.

Of the large sum appellees were entitled to recover, and which they could have recovered if the action in which appellant was employed as their attorney had been decided in their favor, they have received nothing, and no judgment has been or can now be rendered under which they can recover their money.

The judgment of the court below is *affirmed.*

*Green & Riddell, C. H. Fisk, for appellant.*

*A. G. Winston, Stevenson & O'Hara, for appellees.*